Mobphy, J.
delivered the opinion of the court.
This action is brought to recover a balance of $413 34, due on a promissory note drawn by Louis Schmidt to the order of and indorsed by defendant. The defence set up was that defendant has long since made a voluntary surrender of his property to his creditors, and by a supplemental petition has placed plaintiff on his schedule. The judge ordered that this suit should be transferred to the parish court in and for the parish and city of New Orleans, there to be cumulated with the proceedings of the concurso. The plaintiff appealed.
The note sued on became due and was protested only on the 28th of March, 1840, being the last of four notes given by the maker in payment of a lot of ground purchased by him in April, 1837. At a sale made in November last, of the property surrendered to his creditors by Louis Schmidt, plaintiff became the purchaser of this lot for the sum of $280; thus reducing his claim against defendant as indorser to the sum now demanded. The surrender of property which defendant pleads in bar of this action was made on the 19th of March, 1838, and the proceedings were finally homologated on the 28th of March, 1840. Nowhere in these proceedings is any mention made of the plaintiff, [4G6] or even of the note on which this suit is brought. They ar-e clearly then as to him, res inter alios acta, and can in no manner affect his rights; although plaintiff could not be considered as an absolute creditor before the protest of the note and due notice to defendant as indorser, yet he was a contingent and conditional creditor, and as such, should have been carried on the schedule and made a party to the concurso. Such was the doctrine of the Spanish law from which we have derived in a great measure our principles and manner of proceeding in cases of insolvency. Febrero, part 2, book 3, chap. 3, No. 14. If it be objected that under the statute of 1817, defendant was bound to set down on his schedule only the names of his absolute creditors and that plaintiff became a creditor long afterwards, the defence set up cannot then avail defendant because this suit is brought to recover a debt which- has accrued since his failure, and from the payment of which it could not exonerate him. This case can hardly be distinguished from those of Bainbridge v. Clay, 3 Mart. N. S. 262 ; and Thomas et al. v. Breedlove and others, 6 La. Rep. 575. We can see no proper ground for the order transferring this ease to the parish court. We have held, it is true, that if the insolvent be sued by a creditor, not on the bilan, his suit will be cumulated with the proceedings which the insolvent has commenced, but it is evident that this can be done only-while the concurso is still pending. 4 Mart. N. S. 624. In the present case, the proceedings of the concurso were at an end long before the institution of this suit. No cumulation was therefore possible nor could any useful purpose be answered by it; as to the supplemental petition presented by the insolvent even had it been notified to plaintiff, it surely could not have made him a party to proceedings which had already taken place, and of which he had re *651 eeived no kind of notice whatever. It has been held that a creditor who is not put on the hilan and duly cited to attend a meeting of the creditors is not bound by the proceedings, even if he is placed on the tableau of distribution, but declines receiving his dividend. 6 La. Kep. 578.
It is therefore ordered that the judgment of the commercial court [467] be reversed, and that this case be remanded for further proceedings; the appellee paying the costs of this appeal.