Simon, J.
The plaintilf seeks to recover the amount of a note and account annexed to his petition, which form together a sum of three hundred and eight dollars and fifty cents. The note sued on, made payable to one J. Lavarenne, for two hundred and fifty dollars, is dated the 1st of May, 1839, and is not in a negotiable form; and the account is for nine cords of wood, stated to have been furnished by the plaintiff to the defendants, at the rate of six dollars and a half per cord, is dated on the 2d of June, 1839.
*382 The defendants pleaded, that the note sued on was made in favor of J. Lavarenne, who transferred it to the plaintiff. That they, said defendants, took the benefit of the insolvent laws, in April, 1840, and that both the note and account were placed on their schedule, &c.
A judgment of nonsuit was rendered below against the plaintiff, on the ground of the defendants’ having fully made out their defence, from which the plaintiff has appealed.
The only evidence which accompanies the record, is a transcript of the proceedings had in the suit of Platet Frères v. Their Creditors, in which we find that lean Lavarenne, of New Orleans, was placed upon the insolvents’ schedule, for the sum of $526 75, as due him by the insolvents. Now, nothing shows that the note sued on was transferred to the plaintiff by Lavar-enne, previous to the filing of the defendants’ hilan, nor that any notice of the transfer thereof (it not being a negotiable instrument) was ever given to the latter before their declared insolvency; and we may fairly presume, that Lavarenne was placed upon the said hilan, for the whole amount which was then due him by the insolvents, including therein the amount of the note sued on. If it was not, it was the duty of the plaintiff to establish the fact, that the amount mentioned in the hilan was a different debt from that sued on.
The insolvents were regularly allowed the benefit of the insolvent laws, by a judgment rendered contradictorily with their creditors ; and there being no allegation in the petition that they have acquired any new property since their discharge, we think the Judge, a quo, did not err in nonsuiting the plaintiff as to the note of $250. 7 Mart. N. S. 565. With regard, however, to the account of $58 50, claimed by the plaintiff in his own right, and as due him previous to the surrender, the evidence shows that this was not placed on the insolvent’s schedule, and it is clear, therefore, that said plaintiff cannot be affected by the insolvent proceedings. 18 La. 464. The amount of said account seems to be admitted by the defendants’ answer, which does not even plead the general issue; and we cannot see any valid reason, why the plaintiff should not be entitled to a judgment in his favor for the amount.
Cyrot Gentes, for the appellant.
• Latour, for the defendants.
It is, therefore, ordered and decreed, that the judgment appealed from, so far as it nonsuits the plaintiff, and rejects his claim on the note sued on, be affirmed; that it be avoided with respect to the account; and that said plaintiff recover of the defendants jointly, the sum of fifty-eight dollars and fifty cents, with legal interest from judicial demand until paid, with costs in both courts.